UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-80097-CIV-KAM

PHD@WESTERN, LLC, a Florida Limited
Liability company,

    Petitioner,

vs.

RUDOLF CONSTRUCTION PARTNERS,
LLC, a Virginia limited liability company

    Respondent.
_____/

## FINAL JUDGMENT AND OPINION GRANTING MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION [DE 9]

**THIS CAUSE** is before the Court upon Respondent Rudolf Construction Partners, LLC's Motion to Dismiss Petitioner PHD@Western, LLC's Second Amended Petition to Compel Arbitration ("Petition") [DE 7]. The Court has carefully considered the motion [DE 9], response [DE 10], reply [DE 11], and is otherwise fully advised in the premises.

Respondent moved to dismiss this action for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2) and, in the alternative, to dismiss for improper venue pursuant to Fed. R. Civ. P. 12(b)(3). The Court finds personal jurisdiction does not exist over Respondent and therefore the motion should be granted.

### I.   Introduction

The parties entered into a contract under which Respondent would act as the contractor for the development of a property in Jacksonville, North Carolina. [DE 1-3]. Disputes arose between the parties which led to the filing of the petition in this case. Although the petition is

1

labeled as one to compel arbitration, it is apparent from the face of the petition that both parties are in agreement that their dispute should be arbitrated. In fact, Petitioner expressly alleges that at one point the parties had agreed to arbitrate the current dispute in North Carolina in connection with another dispute between the parties on a different project. [DE 7, paragraphs 18-24]. When Petitioner sought to commence the arbitration in Florida, Respondent did not object to the dispute being resolved by arbitration. Rather, Respondent initiated an action in North Carolina to compel arbitration in that state. [DE 7, paragraph 24]. Hence, this case is not about whether the dispute should be resolved through arbitration. It is about in what forum the arbitration should take place.

The Contract contains the following provision:

<u>Disputes Subject to Arbitration</u>. All claims, disputes, and other matters in question between Contractor and Owner arising out of, or relating to, the Contract Documents or the breach therefore, shall be determined by arbitration which the parties agree shall be commenced and pursued solely in Palm Beach County Florida, the location of the Owners corporate office, or WAKE County NORTH CAROLINA, at Owner's option. [1]

Petitioner ("Owner") opted for arbitration in Palm Beach County, Florida and filed the petition to enforce the forum it had the option to choose.

Petitioner is a Florida company whose principle place of business is in Florida. Respondent is a Virginia company whose principle place of business is in Virginia. Subject matter jurisdiction exists based on diversity of citizenship. Respondent was registered to do business in Florida from February 14, 2013 until September 18, 2014, but "has never held a Florida contractor's license, never had an office in Florida, never had any employees in Florida,

---

[1] The contract also provided that it would "be governed and enforced in accordance with the laws of the State of Virginia." [DE 7- 2, Section 14.6]. Petitioner alleges that this provision was an error, and that North Carolina law was to apply. [DE 7, paragraph 11]. This difference has no impact on the Court's ruling.

2

and never performed any work in Florida." [DE 11-1]. Respondent deregistered in Florida on the same date Petitioner first demanded arbitration. Respondent had no other contacts with Florida.

Petitioner asserts this Court has personal jurisdiction over Respondent under Fla. Stat. § 48.193(1)(a)(6) and (7). Petitioner bases its contention on: (1) the fact that Respondent agreed to arbitrate any disputes between the parties in Florida and failed to abide by the agreement (2) Respondent solicited business with Petitioner whose principal place of business is in Florida; (3) Respondent entered into the subject contract with Petitioner and (4) Respondent had been registered to do business in the state of Florida. [DE 7, paragraph 5; DE 10 at 5-6].

## II.     **Personal Jurisdiction**

### A. Legal Standard

A party may move to dismiss a claim for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2). Under Fed. R. Civ. P. 4(e) the Court must first look to Florida's long-arm statute to determine whether personal jurisdiction exists. *Johns v. Taramita*, 132 F. Supp. 2d 1021, 1024 (S.D. Fla. 2001).

Florida law determines the application of the Florida long-arm statute. *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1352 (11th Cir. 2013) (citing *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009)). The Court is required to apply the statute as the Supreme Court of Florida would and "adhere to the interpretations of [the statute] offered by Florida's District Courts of Appeal absent some indication that the Florida Supreme Court would hold otherwise." *Louis Vuitton Malletier, S.A.*, 736 F.3d at 1352 (citing *Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623, 627 (11th Cir. 1996)). "The Florida long-arm statute is strictly construed". *Oriental Imports & Exports, Inc. v. Maduro & Curiel's Bank, N.V.*, 701 F.2d 889, 891 (11th Cir. 1983).

In addition to satisfying the requirements of Florida's long-arm statute, the Court must determine that the exercise of jurisdiction does not violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *Posner, et al. v. Essex Ins. Co.*, 178 F.3d 1209, 1214 (11th Cir. 1999); *Sculptchair*, 94 F.3d at 626. Thus, if Florida's long-arm statute is satisfied, the Court must then determine whether the requirements of Due Process under the Fourteenth Amendment have been met. *Future Tech. Today, Inc. v. OSF Healthcare Sys.*, 218 F.3d 1247, 1249 (11th Cir. 2000) (per curiam) (*Sculptchair*, 94 F.3d at 626); *see also Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

### A.  Florida Long-Arm Statute - Fla. Stat. § 48.193(1)(a)(7)

The Court will first address Petitioner's assertion that this Court has personal jurisdiction over Respondent based upon Fla. Stat. § 48.193(1)(a)(7).  That statute grants Florida courts jurisdiction over non-resident defendants who breach a contract in this state by failing to perform acts required by the contract to be performed in this state.  Petitioner asserts Respondent failed to arbitrate in Florida in accordance with the terms of the contract, thus providing a basis for personal jurisdiction under the statute. [DE 10 pg. 5].

The case of *Johns,* 132 F. Supp. 2d at 1021 addresses the precise issue presented in this case. In *Johns,* as in this case, the petitioners filed a petition to compel arbitration based upon an agreement that any arbitration would take place in Florida. *Id.* at 1023.  The respondent in *Johns,* as is this case, did not contest that arbitration of the dispute was appropriate, but only challenged the forum in which the arbitration should take place.  *Id.* at 1024.  The decision addressed whether an agreement calling for arbitration to take place in Florida, standing alone, was sufficient to create personal jurisdiction over the party refusing to comply with the forum selection clause.

In deciding that the court did not have jurisdiction over the non-complying respondent, the *Johns* court relied upon the controlling Florida Supreme Court case of *McRae v. J.D./M.D., Inc.,* 511 So.2d 540 (Fla. 1987). In *McRae,* the Florida Supreme Court framed the issue as whether a Florida court could exercise in personam jurisdiction over the objection of a non-resident defendant who had done none of the acts specified in Florida's long-arm statute. In deciding that a Florida court did not have jurisdiction over an objecting defendant under those circumstances, the court first stated: "Conspicuously absent from the long arm statute is any provision for submission to in personam jurisdiction merely by contractual agreement." 511 So.2d at 543. The court went on to hold:

> First, we reject the suggestion that a defendant waives his due process right to contest the jurisdictional issue merely by signing a contract containing a permissive jurisdiction clause. Second, we disapprove that portion of the district court's analysis which elevates the construction and enforceability of contracts over the requirements of both our long arm statute and the due process clause of the fourteenth amendment. In conclusion, we hold that a contractual choice of forum clause designating Florida as the forum cannot serve as the sole basis for asserting in personam jurisdiction over an objecting non-resident defendant. . . . It is only after the court properly has in personam jurisdiction over the defendant that the criteria set forth in *Manrique* concerning the enforceability of a forum selection clause comes into play.

511 So. 2d at 543-44.

In view of the holding of *McRae,* the *Johns* court concluded that "[w]ithout an express recognition by the Eleventh Circuit or Florida courts that Florida's rule can be relaxed in the context of a petition to compel arbitration, the petitioners in this case must show additional grounds to support the court's exercise of personal jurisdiction over the respondent." 132 F. Supp. 2d at 1029. This Court agrees with the holding of *Johns* and finds that its rationale and the rationale of *McRae*[2] controls the outcome of this case.

---

[2] Since *McRae* was decided, the Florida legislature enacted Florida Fla. Stat. § 685.102, which allows parties to a contract to agree to in personam jurisdiction in Florida to the extent permitted by the United States constitution. Even assuming the constitutional requirements satisfying due process are otherwise met in this case, this statutory

5

Here, Petitioner contends that Respondent's failure to abide by the contractual provision requiring the parties to arbitrate in Florida constitutes a breach of contract in Florida, bringing Respondent within the provision of Fla. Stat. § 48.193(1)(a)(7). If Respondent was correct in this regard, then the result in *McRae* would have been different. There too, the objecting non-resident defendant had failed to comply with the contractual provision designating Florida as the appropriate forum to resolve any disputes between the parties. Yet, the Florida Supreme Court, interpreting Florida's long arm statute, held that "a contractual choice of forum clause designating Florida as the forum cannot serve as the sole basis for asserting in personam jurisdiction over an objecting non-resident defendant," and further noted that the respondent "had engaged in none of the acts set forth in section 48.193." 511 So.2d at 544. This necessarily included the respondent's failure to have complied with the contractual requirement to litigate the dispute in Florida as a basis for jurisdiction under Fla. Stat. § 48.193(1)(a)(7). Thus, Petitioner's reliance upon Respondent's failure to comply with the forum selection clause of the contract does not provide a basis for this Court to have personal jurisdiction over Respondent under § 48.193(1)(a)(7) of Florida's long arm statute.

### B. Florida Long-Arm Statute - Fla. Stat. § 48.193(1)(a)(6)

Petitioner also relies upon Fla. Stat. § 48.193(1)(a)(6) as a basis for asserting jurisdiction over Respondent. That statute provides for jurisdiction over non-resident defendants who cause injury to persons or property within Florida arising out of an act or omission by the defendant outside of Florida, if, at the time of the injury, the defendant was engaged in solicitation or service activities within the state. Petitioner does not allege any specific facts which would demonstrate that Respondent was engaged in solicitation or service activities within Florida at

---

amendment has no bearing on this case. One of the prerequisites for the statute's applicability is that the parties agree to apply the law of Florida to the contract. As indicated previously, the parties agreed to apply Virginia law to the subject contract. *See* n. 1, *supra*

6

the time of the alleged injury.  It merely asserts that "a reasonable inference can be drawn" that such acts took place by virtue of Respondent having been registered to do business at the time the parties entered into the contract. Such speculation is insufficient to establish a basis to assert personal jurisdiction over a non-resident defendant.  Moreover, any such inference is refuted by the sworn affidavit of Respondent's Managing Member, Chester D. Rudolf, IV, who attested that Respondent had never held a Florida contractor's license and as a result it understood it could not conduct business in Florida.  [DE 11-1].  Hence, Petitioner has failed to establish personal jurisdiction over Respondent under Fla. Stat. § 48.193(1)(a)(6).

### C. Other Grounds

Petitioner also contends the fact that Respondent was registered to do business in Florida provides a sufficient basis for the Court to exercise personal jurisdiction over it.  It has been recognized, however, that merely registering to do business in a state is not a sufficient basis to establish the minimum contacts necessary for a court to obtain personal jurisdiction over a non-resident defendant.  *Sofrar, S.A. v. Graham Engineering Corp.,* 35 F. Supp. 2d 919, 921 (S.D. Fla. 1999); *cited with approval in Consolidated Development Corp.,* 216 F.3d 1286, 1293 (11th Cir. 2000)("Courts of appeal that have addressed this issue have rejected the argument that appointing a registered agent is sufficient to establish general personal jurisdiction over a corporation").

Lastly, Petitioner contends that Respondent is subject to this Court's jurisdiction because it entered into the subject contract.  This assertion is easily rejected since the Florida Supreme Court recognized in *McRae* that "[c]onspicuously absent from the long arm statute is any provision for submission to in personam jurisdiction merely by contractual agreement."  511 So.2d at 543; *accord Washington Capital Corp. v. Milandco, Ltd., Inc.,* 695 So. 2d 838, 841 (Fla.

Dist. Ct. App. 1997); *Walack v. Worldwide Machinery Sales, Inc.,* 278 F. Supp. 2d 1358, 1366 (M.D. Fla. 2003).  Petitioner has failed to present any evidence of Respondent engaging in conduct which would fall within the ambit of Florida's long arm statute.  Nor has Petitioner presented any evidence demonstrating that Respondent has sufficient minimum contacts with the state of Florida which would meet the constitutional requirements of due process.

## CONCLUSION

In view of the foregoing, Respondent's Motion to Dismiss for lack of jurisdiction over the person of Respondent [DE 9] is **GRANTED.**  This case is dismissed without prejudice to Petitioner seeking to enforce the forum selection clause of the arbitration contract in a forum which has jurisdiction over Respondent.  The Clerk shall **close** this case.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida this 30th day of September, 2016.

        KENNETH A. MARRA
        United States District Judge